kaw

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 06-40084-3-JAR |
| | ) |
| **JESUS MUNOZ-CHIHUAHUA,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |
| _____ | ) |

## MEMORANDUM AND ORDER

Defendant Jesus Munoz-Chihuahua is charged with possession with intent to distribute more than 42 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1). Before the Court is defendant's Motion to Dismiss for Violation of the Speedy Trial Clock (Doc.113). For the reasons detailed below, defendant's motion is granted, and the case is dismissed without prejudice.

**Background**

Defendant was arrested on January 8, 2008 and arraigned the same day.[1] At his arraignment, defendant entered a not guilty plea and was remanded to the custody of the United States Marshal Service.[2] A general order of discovery was entered, scheduling a motions

---

[1](Doc. 75.)

[2]Defendant Munoz-Chihuahua is charged in Counts 5 and 7 of the Indictment, in this multiple defendant case.

deadline for January 29, 2008 and a motions hearing for February 15, 2008.[3]  Subsequently, the case was transferred to this Court from Judge Rogers and a status conference was scheduled for February 20, 2008.  On February 19, 2008, defendant filed a motion to continue the status conference,[4] which was granted and the Court found the period from February 20, 2008 through March 24, 2008 to be properly excludable under 18 U.S.C. § 3161(h)(8)(A).

During the time period leading up to March 24, the parties engaged in plea negotiations.  A few days before the scheduled March 24 status conference, defense counsel of record, Richard Benson, made a telephone request for a continuance based on an emergency sickness in the family, but never submitted a motion nor proposed order for the Court to rule upon.  As such, an order was never entered tolling the trial clock.  Benson remains defense counsel, even though new counsel, Bobby J. Hiebert, Jr., entered his appearance for defendant on September 9, 2008.[5]

Between March 24, and June 2, 2008, no action occurred in defendant's case.  The next docket entry in the case took place on June 3, 2008, when the prosecutor withdrew from the action and another entered his appearance.[6]  The docket reflects no action until July 22, 2008, when the Court scheduled a status conference for August 4, 2008.[7]  After the status conference, the Court scheduled a motions hearing for September 22, 2008.  On September 2, 2008, the prosecutor again withdrew from the case and another entered his appearance.  On September 9,

---

[3](Doc. 77.)

[4](Doc. 84.)

[5](Doc. 114.)

[6](Doc. 101.)

[7](Doc. 106.)

2008, defendant's new counsel, Hiebert, filed a motion to dismiss the Indictment for violation of the Speedy Trial Act, which was taken under advisement on September 22, 2008.

## Applicable Law

Generally, the Speedy Trial Act, 18 U.S.C. 3161, requires that a defendant be brought to trial within seventy days of the filing of the indictment or from the date the defendant first appears before a judicial officer.[8] "The dual purpose of the Speedy Trial Act is to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in bringing prompt criminal proceedings."[9]

The Speedy Trial Act, 18 U.S.C. 3161(h)(1)(F), excludes from the seventy day requirement, periods of "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."[10] Under section 3161(h)(1)(J), periods of "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court" are also excluded.[11] The Supreme Court has reasoned that subsection (F) excludes the period between filing a motion and the conclusion of the hearing of the motion, after which, the district court has thirty days to decide the motion.[12] Where a motion does not require a

---

[8] 18 U.S.C. § 3161(c)(1); *United States v. Mora*, 135 F.3d 1351, 1354 (10th Cir. 1998).

[9] *United States v. Saltzman*, 948 F.2d 1087, 1090 (10th Cir. 1993) (citing *United States v. Noone*, 913 F.2d 20, 28 (1st Cir. 1990), *cert. denied*, 500 U.S. 906 (1991)).

[10] 18 U.S.C. § 3161(h)(1)(F).

[11] *Id.* § 3161(h)(1)(J).

[12] *Henderson v. United States*, 476 U.S. 321, 329 (1986); *United States v. Williams*, 511 F.3d 1044, 1048 (10th Cir. 2007).

hearing and can be decided on the papers, the maximum period of delay is thirty days.[13] Accordingly, where a motion "does not require a hearing, the Act excludes time through the period of its prompt disposition, but only if that period does not exceed thirty days from the date the motion is taken under advisement."[14]

Defendant was arrested on January 8, 2008, and appeared before the court for his initial appearance that same day. Since his hearing, 190 days have run that are not attributable to excludable delay. As there is a clear violation, the issue before the Court is whether to dismiss with or without prejudice.

Where the Speedy Trial Act is violated, the indictment must be dismissed;[15] however, the court retains "broad discretion whether to dismiss the [i]ndictment with or without prejudice."[16] Because a violation of the Speedy Trial Act alone is not sufficient to dismiss the indictment with prejudice,[17] the court should consider the seriousness of the offense, the facts and circumstances of the case, which led to the dismissal, and the impact of reprosecution on the administration of justice.[18]

## Analysis

The Court is not presented with much argument from either sides. Defendant concedes

---

[13] *Williams*, 511 F.3d at 1048 (citing *Henderson*, 476 U.S. at 329).

[14] *Id.*

[15] *Williams*, 511 F.3d at 1049.

[16] *United States v. Abdush-Shakur*, 465 F.3d 458, 462 (10th Cir.2006), *cert. denied*, —U.S. —, 127 S. Ct. 1321 (2007).

[17] *Id.*

[18] *United States v. Johnson*, 120 F.3d 1107, 1112 (10th Cir. 1997).

that the crimes charged are serious, stating that "[d]efendant in the present matter is charged with serious offenses related to the distribution of illegal drugs."[19] The government likens defendant's conduct to those of other crimes adjudged serious in *United States v. Brown*[20] and *United States v. Hastings*.[21] In any event, the "Tenth Circuit has acknowledged that felony drug charges have been treated as serious offenses."[22] In determining whether to dismiss with or without prejudice, the Tenth Circuit has stated that "'[w]hen charges are serious, courts should impose the sanction of dismissal with prejudice only for correspondingly serious delay . . . ."[23] Here, the charges pending against defendant are serious drug offenses likely to "result in imprisonment."[24]

When considering the circumstances leading to dismissal, a district court should look for indications that the "government was dilatory or neglectful in its prosecution" of the defendant.[25] Dismissal with prejudice is ill-suited for an isolated incident or inadvertent violations of the Speedy Trial Act.[26] Thus, a dismissal with prejudice is not appropriate where a defendant does nothing more than point to the government's "mistake with rising

---

[19](Doc. 113, at 3.)

[20]770 F.2d 241, 244 (1st Cir. 1985).

[21]847 F.2d 920, 925 (1st Cir. 1988).

[22]*See United States v. Williams*, 532 F. Supp. 2d 1323, 1329 (N.D. Okla. 2008) (citing *United States v. Saltzman*, 948 F.2d 1087, 1093 (10th Cir. 1993)).

[23]*Saltzman*, 984 F.2d at 1090 (citing *United States v. May*, 819 F.2d 531, 534 (5th Cir. 1987)).

[24](Doc. 113, at 3.)

[25]*United States v. Abdush-Shakur*, 465 F.3d 458, 463 (10th Cir.2006), *cert. denied*, —U.S. —, 127 S. Ct. 1321 (2007).

[26]*United States v. Cano-Silva*, 402 F. 3d 1031, 1035 (10th Cir. 2005).

indignation."[27] Finally, as the court, government, and defendant are responsible for effectuating a defendant's right under the Act, a defendant that sits passively by as the clock runs and then claims dismissal with prejudice has less of a claim "than a defendant who makes a timely assertion, but is unheeded."[28]

In defendant's case, the Court, government, and defense counsel are at fault for the running of the trial clock.  Neither defense counsel, who may have been distracted by his family obligations, nor the prosecutor, who might have been distracted by his pending move, filed any motions to toll the trial clock from March 24 to July 22, 2008.  Yet during the time period leading up to March 24, the prosecutor responded to sentencing motions made by a co-defendant and actually appeared before the Court on March 24, 2008, for the sentencing of a co-defendant.[29]

The government argues that the circumstances leading to the violation do not warrant dismissal with prejudice because the defendant waited until his speedy trial clock had more than doubled before filing a motion to dismiss.  The government is correct; this usually weighs against the defendant.  Notably, defendant's first counsel of record did not file any motions and it was not until defendant's second counsel entered his appearance that a motion to dismiss was filed.  Nonetheless, the circumstances leading to dismissal are merely one of many factors to consider, and this factor is not outcome determinative.

Another factor is the impact of reprosecution on the Act and the prejudice to defendant

---

[27]*Id*. at 1036.

[28]*United States v. Jones*, 213 F.3d 1253, 1257 (10th Cir. 2000).

[29](Docs. 88, 89.)

if the case is dismissed without prejudice. Prejudice to the defendant usually weighs against reprosecution.[30] And, the length of delay is relevant, for "[t]he longer the delay, the greater the presumptive or actual prejudice to the defendant, in terms of ability to prepare for trial or the restrictions on his liberty."[31] There is no doubt that 190 days is a substantial delay; but, defendant has not shown any prejudice other than that he has been detained pending trial during this time. But such conclusory allegations of prejudice are insufficient to support dismissal with prejudice. Defendant has failed to show any prejudice that would affect his ability to put on a defense. Thus, this factor weighs in favor of dismissal without prejudice.[32]

Moreover, the impact of reprosecution on the Act weighs in favor of dismissal without prejudice. Here, dismissal without prejudice would not contradict the purposes of the Act. And although dismissal with prejudice is the more severe sanction for violation of the Act, dismissal without prejudice does present obstacles to reprosecution. The Supreme Court has stated that "[d]ismissal without prejudice is not a toothless sanction: it forces the Government to obtain a new indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitations ground."[33] Moreover, the Tenth Circuit has noted that a "dismissal without prejudice requires the government to re-indict, may work to the disadvantage of the government on limitations grounds, and may make reprosecution less likely."[34] Finally,

---

[30]*See Jones*, 213 F.3d at 1258.

[31]*United States v. Taylor*, 487 U.S. 326, 340 (1988).

[32]*See id.* at 341 (noting that there was no finding that there was prejudice to defendant's trial preparation); *see also United States v. Abdush-Shakur*, 465 F.3d 458, 464 (10th Cir. 2006), *cert. denied*, —U.S. —, 127 S. Ct. 1321 (2007) (stating that there is no evidence that the absent witness's testimony would prejudice defendant's case).

[33]*Taylor*, 487 U.S. at 340.

[34]*Jones*, 213 F.3d at 1257 (citing *Taylor*, 487 U.S. at 342).

dismissal with prejudice is best reserved for intentional delays caused by the government.[35] The delay occasioned here was merely neglect on the part of both the government and defendant. Therefore, after weighing the factors, the Court finds that dismissal without prejudice is the better remedy.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion to Dismiss (Doc. 113) is **granted.** The case shall be dismissed without prejudice.

**IT IS SO ORDERED.**

Dated this 10th day of October 2008.

 S/ Julie A. Robinson
**Julie A. Robinson**
**United States District Judge**

---

[35] *Abdush-Shakur*, 465 F.3d at 463-64.